UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

SAKETHA MARTIN, BRUCE TURNER, and JOY
FLETCHER,

                Plaintiffs,

  - against -

NATIONAL RAILROAD PASSENGER
CORPORATION, d/b/a AMTRAK, CATHY RYAN, and
MICHAEL GALLAGHER,

                Defendants.

------------------------------------------------------------------X

**ANSWER TO
AMENDED COMPLAINT**

10-Civ.-4199 (CM)(DCF)

      Defendants NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK

("Amtrak"), CATHY RYAN and MICHAEL GALLAGHER (collectively "Defendants"), by

their attorneys, Landman Corsi Ballaine & Ford P.C., hereby answer the Amended Complaint

herein as follows:

      FIRST: Defendants deny the truth of each and every allegation contained in paragraph

"1" of the Amended Complaint, except admit that plaintiffs purport to proceed as set forth in this

paragraph and respectfully refer the Court to the cited statutes for a complete and accurate

statement of their contents.

## WITH RESPECT TO JURISDICTION AND VENUE

      SECOND:   Defendants deny the truth of each and every allegation contained in

paragraph "2" of the Amended Complaint, except admit that plaintiffs purport to set forth the

basis of jurisdiction and venue and respectfully refer the Court to the cited statutes for a complete

and accurate statement of their contents.

      THIRD: Paragraph "3" of the Amended Complaint constitutes legal argument for which

no response is required.  To the extent a response to this paragraph is required, defendants deny the allegations set forth in this paragraph, except admit that EEOC Charge No. 530-2009-02957, dated June 12, 2009 ("June 2009 EEOC Charge") was filed on behalf of plaintiff Martin and a right-to-sue letter was subsequently issued by the EEOC and respectfully refer the Court to the June 2009 EEOC Charge and right-to-sue letter for a complete and accurate statement of their contents.

## WITH RESPECT TO PARTIES

FOURTH:  Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "4" of the Amended Complaint.

FIFTH:  Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "5" of the Amended Complaint, except admit that plaintiff Martin self-identifies in this action as African-American.

SIXTH:  Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "6" of the Amended Complaint.

SEVENTH:  Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "7" of the Amended Complaint, except admit that plaintiff Turner self-identifies in this action as African-American.

EIGHTH:  Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "8" of the Amended Complaint.

NINTH:  Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "9" of the Amended Complaint, except admit that plaintiff Fletcher self-identifies in this action as African-American.

TENTH:  Defendants deny the truth of each and every allegation contained in paragraph

"10" of the Amended Complaint, except admit that Amtrak is a corporation authorized to do business in the state of New York and that some of Amtrak's offices and facilities are located at Penn Station, New York, New York.

ELEVENTH: Paragraph "11" of the Amended Complaint constitutes legal argument for which no response is required. To the extent a response to this paragraph is required, defendants deny the allegations set forth in this paragraph, except admit that plaintiffs in this action are employed by Amtrak.

TWELFTH: Paragraph "12" of the Amended Complaint constitutes legal argument for which no response is required. To the extent a response to this paragraph is required, defendants deny the allegations set forth in this paragraph, except admit that the plaintiffs in this action are employed by Amtrak and respectfully refer the Court to the cited statute for a complete and accurate statement of its contents.

THIRTEENTH: Paragraph "13" of the Amended Complaint constitutes legal argument for which no response is required. To the extent a response to this paragraph is required, defendants deny the allegations set forth in this paragraph, except admit that defendant Cathy Ryan is employed by Amtrak and respectfully refer the Court to the cited statute for a complete and accurate statement of its contents.

FOURTEENTH: Paragraph "14" of the Amended Complaint constitutes legal argument for which no response is required. To the extent a response to this paragraph is required, defendants deny the allegations set forth in this paragraph, except admit that defendant Michael Gallagher is employed by Amtrak and respectfully refer the Court to the cited statute for a complete and accurate statement of its contents.

## WITH RESPECT TO PRELIMINARY STATEMENT

FIFTEENTH:  Defendants deny the truth of each and every allegation contained in paragraph "15" of the Amended Complaint, except admit that plaintiffs are employed by Amtrak.

SIXTEENTH:  Defendants deny the truth of each and every allegation contained in paragraph "16" of the Amended Complaint, except admit that defendants Cathy Ryan and Michael Gallagher are employed by Amtrak as Station Manager and Superintendent of Passenger Services for New York Penn Station, respectively.

SEVENTEENTH:  Defendants deny the truth of each and every allegation contained in paragraph "17" of the Amended Complaint.

EIGHTEENTH:  Defendants deny the truth of each and every allegation contained in paragraph "18" of the Amended Complaint.

NINETEENTH:  Defendants deny the truth of each and every allegation contained in paragraph "19" of the Amended Complaint, except admit that a Notice of Formal Investigation, dated August 29, 2008 ("August 29, 2008 Notice of Formal Investigation"), was issued by Amtrak to plaintiff Turner and respectfully refer the Court to the August 29, 2008 Notice of Formal Investigation for a complete and accurate statement of its contents.

TWENTIETH:  Defendants deny the truth of each and every allegation contained in paragraph "20" of the Amended Complaint.

TWENTY-FIRST:  Defendants deny the truth of each and every allegation contained in paragraph "21" of the Amended Complaint, except admit that a Notice of Formal Investigation, dated January 9, 2009 ("January 9, 2009 Notice of Formal Investigation"), was issued by Amtrak to plaintiff Turner and respectfully refer the Court to the January 9, 2009 Notice of Formal

Investigation for a complete and accurate statement of its contents.

TWENTY-SECOND:  Defendants deny the truth of each and every allegation contained in paragraph "22" of the Amended Complaint.

TWENTY-THIRD:  Defendants deny the truth of each and every allegation contained in paragraph "23" of the Amended Complaint, except admit that a Notice of Formal Investigation, dated March 24, 2009 ("March 24, 2009 Notice of Formal Investigation"), was issued by Amtrak to plaintiff Fletcher and respectfully refer the Court to the March 24, 2009 Notice of Formal Investigation for a complete and accurate statement of its contents.

TWENTY-FOURTH:  Defendants deny the truth of each and every allegation contained in paragraph "24" of the Amended Complaint.

TWENTY-FIFTH:  Defendants deny the truth of each and every allegation contained in paragraph "25" of the Amended Complaint.

TWENTY-SIXTH:  Defendants deny the truth of each and every allegation contained in paragraph "26" of the Amended Complaint.

TWENTY-SEVENTH:  Defendants deny the truth of each and every allegation contained in paragraph "27" of the Amended Complaint.

TWENTY-EIGHTH:  Defendants deny the truth of each and every allegation contained in paragraph "28" of the Amended Complaint.

TWENTY-NINTH:  Defendants deny the truth of each and every allegation contained in paragraph "29" of the Amended Complaint.

## WITH RESPECT TO STATEMENT OF FACTS

THIRTIETH:  Defendants deny the truth of each and every allegation contained in

5

paragraph "30" of the Amended Complaint, except admit that plaintiff Martin's employment by Amtrak commenced effective April 26, 1999, and during the course of her employment she has held the job titles of Ticket Clerk and Lead Ticket Clerk, among other job titles.

THIRTY-FIRST: Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "31" of the Amended Complaint regarding TCU, except admit that plaintiff Martin is employed by Amtrak, her employment is governed by the cited Collective Bargaining Agreement between Amtrak and TCU, and respectfully refer the Court to the cited Collective Bargaining Agreement between Amtrak and TCU for a complete and accurate statement of its contents.

THIRTY-SECOND: Defendants deny the truth of each and every allegation contained in paragraph "32" of the Amended Complaint, except admit that Martin held the job of Ticket Clerk and was responsible for, among other duties, facilitating ticket sales and exchanging and refunding tickets.

THIRTY-THIRD: Defendants deny the truth of each and every allegation contained in paragraph "33" of the Amended Complaint, except admit that Martin held the job of Lead Ticket Clerk.

THIRTY-FOURTH: Defendants deny the truth of each and every allegation contained in paragraph "34" of the Amended Complaint.

THIRTY-FIFTH: Defendants deny the truth of each and every allegation contained in paragraph "35" of the Amended Complaint.

THIRTY-SIXTH: Defendants deny the truth of each and every allegation contained in paragraph "36" of the Amended Complaint.

6

THIRTY-SEVENTH:  Defendants deny the truth of each and every allegation contained in paragraph "37" of the Amended Complaint, except admit that a Notice of Investigation, dated December 9, 2004 ("December 9, 2004 Notice of Investigation"), was issued by Amtrak to plaintiff Martin and respectfully refer the Court to the December 9, 2004 Notice of Investigation for a complete and accurate statement of its contents.

THIRTY-EIGHTH:  Defendants deny the truth of each and every allegation contained in paragraph "38" of the Amended Complaint.

THIRTY-NINTH:  Defendants deny the truth of each and every allegation contained in paragraph "39" of the Amended Complaint.

FORTIETH:   Defendants deny the truth of each and every allegation contained in paragraph "40" of the Amended Complaint.

FORTY-FIRST:  Defendants deny the truth of each and every allegation contained in paragraph "41" of the Amended Complaint.

FORTY-SECOND:   Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "42" of the Amended Complaint.

FORTY-THIRD:  Defendants deny the truth of each and every allegation contained in "43" of the Amended Complaint.

FORTY-FOURTH:  Defendants deny the truth of each and every allegation contained in paragraph "44" of the Amended Complaint, and respectfully refer the Court to the cited "log of Martin's transactions on August 2, 2004" for a complete and accurate statement of its contents.

FORTY-FIFTH:  Defendants deny the truth of each and every allegation contained in paragraph "45" of the Amended Complaint.

7

FORTY-SIXTH:  Defendants deny the truth of each and every allegation contained in paragraph "46" of the Amended Complaint.

FORTY-SEVENTH:  Defendants Defendants deny the truth of each and every allegation contained in paragraph "47" of the Amended Complaint.

FORTY-EIGHTH:  Defendants deny the truth of each and every allegation contained in paragraph "48" of the Amended Complaint, except admit that Amtrak received a complaint by Amtrak customer Brian Lyght.

FORTY-NINTH:  Defendants deny the truth of each and every allegation contained in paragraph "49" of the Amended Complaint, except admit that a December 9, 2004 Notice of Investigation was issued by Amtrak to plaintiff Martin and respectfully refer the Court to the December 9, 2004 Notice of Investigation for a complete and accurate statement of its contents.

FIFTIETH:  Defendants deny the truth of each and every allegation contained in paragraph "50" of the Amended Complaint.

FIFTY-FIRST:  Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "51" of the Amended Complaint.

FIFTY-SECOND:  Defendants deny the truth of each and every allegation contained in paragraph "52" of the Amended Complaint.

FIFTY-THIRD:  Defendants deny the truth of each and every allegation contained in paragraph "53" of the Amended Complaint.

FIFTY-FOURTH:  Defendants deny the truth of each and every allegation contained in paragraph "54" of the Amended Complaint, except admit that Amtrak received a complaint by Amtrak customer Zeynap Ahu Ertag.

8

FIFTY-FIFTH: Defendants deny the truth of each and every allegation contained in paragraph "55" of the Amended Complaint, except admit that a December 9, 2004 Notice of Investigation was issued by Amtrak to plaintiff Martin and respectfully refer the Court to the December 9, 2004 Notice of Investigation for a complete and accurate statement of its contents.

FIFTY-SIXTH: Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "56" of the Amended Complaint.

FIFTY-SEVENTH: Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "57" of the Amended Complaint.

FIFTY-EIGHTH: Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "58" of the Amended Complaint, except admit that Amtrak received a complaint by Amtrak customer Emily Hodges.

FIFTY-NINTH: Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "59" of the Amended Complaint.

SIXTIETH: Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "60" of the Amended Complaint.

SIXTY-FIRST: Defendants deny the truth of each and every allegation contained in paragraph "61" of the Amended Complaint, except admit that Amtrak received a complaint by Amtrak customer Emily Hodges.

SIXTY-SECOND: Defendants deny the truth of each and every allegation contained in paragraph "62" of the Amended Complaint, except admit that Amtrak received a complaint by Amtrak customer Emily Hodges.

SIXTY-THIRD: Defendants deny the truth of each and every allegation contained in

9

paragraph "63" of the Amended Complaint.

SIXTY-FOURTH:  Defendants deny the truth of each and every allegation contained in paragraph "64" of the Amended Complaint, except admit that Amtrak received a complaint by Amtrak customer Emily Hodges.

SIXTY-FIFTH:  Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "65" of the Amended Complaint, except admit that Amtrak received a complaint by Amtrak customer Emily Hodges.

SIXTY-SIXTH:  Defendants deny the truth of each and every allegation contained in paragraph "66" of the Amended Complaint.

SIXTY-SEVENTH:  Defendants deny the truth of each and every allegation contained in paragraph "67" of the Amended Complaint.

SIXTY-EIGHTH:  Defendants deny the truth of each and every allegation contained in paragraph "68" of the Amended Complaint, except admit that a December 9, 2004 Notice of Investigation was issued by Amtrak to plaintiff Martin and respectfully refer the Court to the December 9, 2004 Notice of Investigation for a complete and accurate statement of its contents.

SIXTY-NINTH:  Defendants deny the truth of each and every allegation contained in paragraph "69" of the Amended Complaint.

SEVENTIETH:  Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "70" of the Amended Complaint.

SEVENTY-FIRST:  Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "71" of the Amended Complaint.

SEVENTY-SECOND:  Defendants deny knowledge or information sufficient to form a

10

belief as to the truth of the allegations contained in paragraph "72" of the Amended Complaint.

SEVENTY-THIRD:  Defendants deny the truth of each and every allegation contained in paragraph "73" of the Amended Complaint.

SEVENTY-FOURTH:  Defendants deny the truth of each and every allegation contained in paragraph "74" of the Amended Complaint.

SEVENTY-FIFTH:  Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "75" of the Amended Complaint, except admit that Amtrak received a complaint by Amtrak customer Ronnie Guyton.

SEVENTY-SIXTH:  Defendants deny the truth of each and every allegation contained in paragraph "76" of the Amended Complaint, except admit that a December 9, 2004 Notice of Investigation was issued by Amtrak to plaintiff Martin and respectfully refer the Court to the December 9, 2004 Notice of Investigation for a complete and accurate statement of its contents.

SEVENTY-SEVENTH:  Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "77" of the Amended Complaint.

SEVENTY-EIGHTH:  Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "78" of the Amended Complaint.

SEVENTY-NINTH:  Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "79" of the Amended Complaint, except admit that Amtrak received a complaint by Amtrak customer Francisco Gastelo.

EIGHTIETH: Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "80" of the Amended Complaint.

EIGHTY-FIRST:  Defendants deny knowledge or information sufficient to form a belief

11

as to the truth of the allegations contained in paragraph "81" of the Amended Complaint.

EIGHTY-SECOND: Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "82" of the Amended Complaint, except admit that Amtrak received a complaint by Amtrak customer Francisco Gastelo.

EIGHTY-THIRD: Defendants deny the truth of each and every allegation contained in paragraph "83" of the Amended Complaint, except admit that a December 9, 2004 Notice of Investigation was issued by Amtrak to plaintiff Martin and respectfully refer the Court to the December 9, 2004 Notice of Investigation for a complete and accurate statement of its contents.

EIGHTY-FOURTH: Defendants deny the truth of each and every allegation contained in paragraph "84" of the Amended Complaint.

EIGHTY-FIFTH: Defendants deny the truth of each and every allegation contained in paragraph "85" of the Amended Complaint, except admit that a December 9, 2004 Notice of Investigation was issued by Amtrak to plaintiff Martin and respectfully refer the Court to the December 9, 2004 Notice of Investigation for a complete and accurate statement of its contents.

EIGHTY-SIXTH: Defendants deny the truth of each and every allegation contained in paragraph "86" of the Amended Complaint.

EIGHTY-SEVENTH: Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "87" of the Amended Complaint, except admit that a December 9, 2004 Notice of Investigation was issued by Amtrak to plaintiff Martin and respectfully refer the Court to the December 9, 2004 Notice of Investigation for a complete and accurate statement of its contents.

EIGHTY-EIGHTH: Defendants deny the truth of each and every allegation contained in

12

paragraph "88" of the Amended Complaint, except admit that contemporaneous to the December 9, 2004 Notice of Investigation issued by Amtrak to plaintiff Martin, plaintiff Martin was held out of service, without pay, effective December 9, 2004.

EIGHTY-NINTH:  Defendants deny the truth of each and every allegation contained in paragraph "89" of the Amended Complaint, except admit that contemporaneous to the December 9, 2004 Notice of Investigation issued by Amtrak to plaintiff Martin, plaintiff Martin was held out of service, without pay, effective December 9, 2004, and respectfully refer the Court to the cited "Collective Bargaining Agreement between Amtrak and TCU" for a complete and accurate statement of its contents.

NINETIETH:  Defendants deny the truth of each and every allegation contained in paragraph "90" of the Amended Complaint.

NINETY-FIRST:  Defendants deny the truth of each and every allegation contained in paragraph "91" of the Amended Complaint, except admit that Hearing Officer Harry Rogers' formal investigation related to the December 9, 2004 Notice of Investigation issued by Amtrak to plaintiff Martin was opened on January 3, 2005 and more than one day of hearing was held.

NINETY-SECOND:  Defendants deny the truth of each and every allegation contained in paragraph "92" of the Amended Complaint.

NINETY-THIRD:  Defendants deny the truth of each and every allegation contained in paragraph "93" of the Amended Complaint, except admit that defendant Ryan testified as part of the formal investigation and respectfully refer the Court to the transcript of defendant Ryan's testimony for a complete and accurate statement of its contents.

NINETY-FOURTH:  Defendants deny the truth of each and every allegation contained in

paragraph "94" of the Amended Complaint, except admit that defendant Ryan testified as part of the formal investigation and respectfully refer the Court to the transcript of defendant Ryan's testimony for a complete and accurate statement of its contents.

NINETY-FIFTH: Defendants deny the truth of each and every allegation contained in paragraph "95" of the Amended Complaint.

NINETY-SIXTH: Defendants deny the truth of each and every allegation contained in paragraph "96" of the Amended Complaint.

NINETY-SEVENTH: Defendants deny the truth of each and every allegation contained in paragraph "97" of the Amended Complaint, except admit that Dennis Strube testified as part of the formal investigation and respectfully refer the Court to the transcript of Dennis Strube's testimony for a complete and accurate statement of its contents.

NINETY-EIGHTH: Defendants deny the truth of each and every allegation contained in paragraph "98" of the Amended Complaint.

NINETY-NINTH: Defendants deny the truth of each and every allegation contained in paragraph "99" of the Amended Complaint, except admit that plaintiff Martin testified as part of the formal investigation and respectfully refer the Court to the transcript of plaintiff Martin's testimony for a complete and accurate statement of its contents.

ONE HUNDREDTH: Defendants deny the truth of each and every allegation contained in paragraph "100" of the Amended Complaint, except admit that plaintiff Martin testified as part of the formal investigation.

ONE HUNDRED AND FIRST: Defendants deny the truth of each and every allegation contained in paragraph "101" of the Amended Complaint, except admit that the Hearing Officer

14

issued his May 12, 2005 Decision, and respectfully refer the Court to the May 12, 2005 Decision for a complete and accurate statement of its contents.

ONE HUNDRED AND SECOND:   Defendants deny the truth of each and every allegation contained in paragraph "102" of the Amended Complaint.

ONE HUNDRED AND THIRD:   Defendants deny the truth of each and every allegation contained in paragraph "103" of the Amended Complaint.

ONE HUNDRED AND FOURTH:   Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "104" of the Amended Complaint, except admit that plaintiff Martin's employment was terminated effective May 12, 2005.

ONE HUNDRED AND FIFTH:   Defendants deny the truth of each and every allegation contained in paragraph "105" of the Amended Complaint, except admit that the Transportation Communications Union ("TCU") appealed Amtrak's decision to terminate plaintiff Martin and Amtrak's Director - Labor Relations denied the appeal by letter, dated September 9, 2005 ("September 9, 2005 Amtrak Letter"), and respectfully refer the Court to the cited collective bargaining agreement and the September 9, 2005 Amtrak Letter referenced herein for a complete and accurate statement of their contents.

ONE HUNDRED AND SIXTH:   Defendants deny the truth of each and every allegation contained in paragraph "106" of the Amended Complaint, except admit that TCU appealed Amtrak's decision to terminate plaintiff Martin and Amtrak's Director - Labor Relations denied the appeal by the September 9, 2005 Amtrak Letter, and respectfully refer the Court to the September 9, 2005 Amtrak Letter for a complete and accurate statement of its contents.

15

ONE HUNDRED AND SEVENTH: Defendants deny the truth of each and every allegation contained in paragraph "107" of the Amended Complaint, except admit that the Special Board of Adjustment issued Award No. 749 concerning the Hearing Officer's formal investigation related to the December 9, 2004 Notice of Investigation issued by Amtrak to plaintiff Martin and plaintiff Martin's subsequent termination, and Marty E. Zusman was the designated Neutral Member of the Special Board of Adjustment for this matter, and respectfully refer the Court to Special Board of Adjustment Award No. 749 regarding Special Board of Adjustment No. 973, Case No. 749, for a complete and accurate statement of its contents.

ONE HUNDRED AND EIGHTH: Defendants deny the truth of each and every allegation contained in paragraph "108" of the Amended Complaint, and respectfully refer the Court to Special Board of Adjustment Award No. 749 regarding Special Board of Adjustment No. 973, Case No. 749, for a complete and accurate statement of its contents, including a determination of the case on procedural grounds only.

ONE HUNDRED AND NINTH: Defendants deny the truth of each and every allegation contained in paragraph "109" of the Amended Complaint, and respectfully refer the Court to Special Board of Adjustment Award No. 749 regarding Special Board of Adjustment No. 973, Case No. 749, for a complete and accurate statement of its contents, including a determination of the case on procedural grounds only.

ONE HUNDRED AND TENTH: Defendants deny the truth of each and every allegation contained in paragraph "110" of the Amended Complaint, except admit that the Special Board of Adjustment issued Award No. 749 concerning the Hearing Officer's formal investigation related to the December 9, 2004 Notice of Investigation issued by Amtrak to plaintiff Martin and

16

plaintiff Martin's subsequent termination, and respectfully refer the Court to Special Board of Adjustment Award No. 749 regarding Special Board of Adjustment No. 973, Case No. 749, for a complete and accurate statement of its contents.

ONE HUNDRED AND ELEVENTH: Defendants deny the truth of each and every allegation contained in paragraph "111" of the Amended Complaint, except admit that subsequent to the issuance of Special Board of Adjustment Award No. 749 regarding Special Board of Adjustment No. 973, Case No. 749, plaintiff Martin was restored to service as an Amtrak Ticket Clerk, effective August 25, 2008.

ONE HUNDRED AND TWELFTH: Defendants deny the truth of each and every allegation contained in paragraph "112" of the Amended Complaint, except admit that subsequent to the issuance of Special Board of Adjustment Award No. 749 regarding Special Board of Adjustment No. 973, Case No. 749, plaintiff Martin was restored to service and received backpay as an Amtrak Ticket Clerk, effective August 25, 2008, and respectfully refer the Court to Special Board of Adjustment Award No. 749 regarding Special Board of Adjustment No. 973, Case No. 749, for a complete and accurate statement of its contents.

ONE HUNDRED AND THIRTEENTH: Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "113" of the Amended Complaint, except admit that, upon information and belief, a transaction occurred between Martin and Kimberly Gardener.

ONE HUNDRED AND FOURTEENTH: Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "114" of the Amended Complaint.

17

ONE HUNDRED AND FIFTEENTH:  Defendants deny the truth of each and every allegation contained in paragraph "115" of the Amended Complaint.

ONE HUNDRED AND SIXTEENTH:  Defendants deny the truth of each and every allegation contained in paragraph "116" of the Amended Complaint.

ONE HUNDRED AND SEVENTEENTH:  Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "117" of the Amended Complaint, except admit that Amtrak received a complaint by Amtrak customer Kimberly Gardner.

ONE HUNDRED AND EIGHTEENTH:  Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "118" of the Amended Complaint, except admit that Amtrak received a complaint by Amtrak customer Kimberly Gardner and Ryan and others investigated the complaint.

ONE HUNDRED AND NINETEENTH:  Defendants deny the truth of each and every allegation contained in paragraph "119" of the Amended Complaint.

ONE HUNDRED AND TWENTIETH:  Defendants deny the truth of each and every allegation contained in paragraph "120" of the Amended Complaint, except admit that a Notice of Intent to Impose Discipline, dated January 15, 2009 ("January 15, 209 Notice of Intent to Impose Discipline"), and a Notice of Formal Investigation, dated February 24, 2009 ("February 24, 2009 Notice of Formal Investigation"), were issued by Amtrak to plaintiff Martin.

ONE HUNDRED AND TWENTY-FIRST:  Defendants deny the truth of each and every allegation contained in paragraph "121" of the Amended Complaint.

ONE HUNDRED AND TWENTY-SECOND:  Defendants deny the truth of each and

18

every allegation contained in paragraph "122" of the Amended Complaint, except admit that a January 15, 2009 Notice of Intent to Impose Discipline was issued by Amtrak to plaintiff Martin.

ONE HUNDRED AND TWENTY-THIRD: Defendants deny the truth of each and every allegation contained in paragraph "123" of the Amended Complaint, except admit that a February 24, 2009 Notice of Formal Investigation was issued by Amtrak to plaintiff Martin.

ONE HUNDRED AND TWENTY-FOURTH: Defendants deny the truth of each and every allegation contained in paragraph "124" of the Amended Complaint, except admit that plaintiff Martin was held out of service, without pay.

ONE HUNDRED AND TWENTY-FIFTH: Defendants deny the truth of each and every allegation contained in paragraph "125" of the Amended Complaint, except admit that Hearing Officer William T. Chaplik's formal investigation related to the February 24, 2009 Notice of Formal Investigation issued by Amtrak to plaintiff Martin was opened on or around February 27, 2009.

ONE HUNDRED AND TWENTY-SIXTH: Defendants deny the truth of each and every allegation contained in paragraph "126" of the Amended Complaint.

ONE HUNDRED AND TWENTY-SEVENTH: Defendants deny the truth of each and every allegation contained in paragraph "127" of the Amended Complaint, except admit that Kimberly Gardner testified by telephone as part of the formal investigation and respectfully refer the Court to the transcript of Kimberly Gardner's testimony for a complete and accurate statement of its contents.

ONE HUNDRED AND TWENTY-EIGHTH: Defendants deny the truth of each and every allegation contained in paragraph "128" of the Amended Complaint, except admit that

19

510901.1 DocsNY

Kimberly Gardner testified as part of the formal investigation and respectfully refer the Court to the transcript of Kimberly Gardner's testimony for a complete and accurate statement of its contents.

ONE HUNDRED AND TWENTY-NINTH: Defendants deny the truth of each and every allegation contained in paragraph "129" of the Amended Complaint, except admit that Kimberly Gardner testified as part of the formal investigation and respectfully refer the Court to the transcript of Kimberly Gardner's testimony.

ONE HUNDRED AND THIRTIETH: Defendants deny the truth of each and every allegation contained in paragraph "130" of the Amended Complaint, except admit that plaintiff Martin testified as part of the formal investigation and respectfully refer the Court to the transcript of plaintiff Martin's testimony for a complete and accurate statement of its contents.

ONE HUNDRED AND THIRTY-FIRST: Defendants deny the truth of each and every allegation contained in paragraph "131" of the Amended Complaint.

ONE HUNDRED AND THIRTY-SECOND: Defendants deny the truth of each and every allegation contained in paragraph "132" of the Amended Complaint.

ONE HUNDRED AND THIRTY-THIRD: Defendants deny the truth of each and every allegation contained in paragraph "133" of the Amended Complaint.

ONE HUNDRED AND THIRTY-FOURTH: Defendants deny the truth of each and every allegation contained in paragraph "134" of the Amended Complaint, except admit that Hearing Officer William T. Chaplik's formal investigation related to the  February 24, 2009 Notice of Formal Investigation issued by Amtrak to plaintiff Martin concluded with the Hearing Officer's decision by letter, dated March 5, 2009 ("March 5, 2009 Decision"), and respectfully

20

refer the Court to the March 5, 2009 Decision for a complete and accurate statement of its contents.

ONE HUNDRED AND THIRTY-FIFTH:  Defendants deny the truth of each and every allegation contained in paragraph "135" of the Amended Complaint

ONE HUNDRED AND THIRTY-SIXTH:  Defendants deny the truth of each and every allegation contained in paragraph "136" of the Amended Complaint, except admit that plaintiff Martin's employment was terminated effective March 5, 2009, and respectfully refer the Court to the March 5, 2009 Decision for a complete and accurate statement of its contents.

ONE HUNDRED AND THIRTY-SEVENTH:  Defendants deny the truth of each and every allegation contained in paragraph "137" of the Amended Complaint, except admit that by letter, dated March 9, 2009 ("TCU's March 9, 2009 Appeal"), TCU Division Chairman Charles J. Jackson sought to appeal the March 5, 2009 termination of plaintiff Martin's employment, and respectfully refer the Court to the TCU's March 9, 2009 Appeal for a complete and accurate statement of its contents.

ONE HUNDRED AND THIRTY-EIGHTH:  Defendants deny the truth of each and every allegation contained in paragraph "138" of the Amended Complaint, except admit that plaintiff Martin's employment as an Amtrak Ticket Clerk was reinstated, effective April 16, 2009.

ONE HUNDRED AND THIRTY-NINTH:  Defendants deny the truth of each and every allegation contained in paragraph "139" of the Amended Complaint, except admit that plaintiff Martin was restored to service as an Amtrak Ticket Clerk, effective April 16, 2009.

ONE HUNDRED AND FORTIETH:    Defendants deny the truth of each and every

21

allegation contained in paragraph "140" of the Amended Complaint, except admit that Amtrak paid plaintiff Martin lost wages for the period it was determined that she was out of service.

ONE HUNDRED FORTY-FIRST: Defendants deny the truth of each and every allegation contained in paragraph "141" of the Amended Complaint, and respectfully refer the Court to EEOC Charge No. 530-2009-02957, dated June 12, 2009 ("EEOC Charge"), for a complete and accurate statement of its contents.

ONE HUNDRED AND FORTY-SECOND: Defendants deny the truth of each and every allegation contained in paragraph "142" of the Amended Complaint.

ONE HUNDRED AND FORTY-THIRD: Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "143" of the Amended Complaint.

ONE HUNDRED AND FORTY-FOURTH: Defendants deny the truth of each and every allegation contained in paragraph "144" of the Amended Complaint.

ONE HUNDRED AND FORTY-FIFTH: Defendants deny the truth of each and every allegation contained in paragraph "145" of the Amended Complaint.

ONE HUNDRED AND FORTY-SIXTH: Defendants deny the truth of each and every allegation contained in paragraph "146" of the Amended Complaint.

ONE HUNDRED AND FORTY-SEVENTH: Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "147" of the Amended Complaint.

ONE HUNDRED AND FORTY-EIGHTH: Defendants deny the truth of each and every allegation contained in paragraph "148" of the Amended Complaint, except deny knowledge or

510901.1 DocsNY

information sufficient to form a belief as to the truth of the allegations concerning what plaintiff Martin recalled.

ONE HUNDRED AND FORTY-NINTH: Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "149" of the Amended Complaint.

ONE HUNDRED AND FIFTIETH: Defendants deny the truth of each and every allegation contained in paragraph "150" of the Amended Complaint.

ONE HUNDRED AND FIFTY-FIRST: Defendants deny the truth of each and every allegation contained in paragraph "151" of the Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what the police officer conceded or otherwise stated.

ONE HUNDRED AND FIFTY-SECOND: Defendants deny the truth of each and every allegation contained in paragraph "152" of the Amended Complaint.

ONE HUNDRED AND FIFTY-THIRD: Defendants deny the truth of each and every allegation contained in paragraph "153" of the Amended Complaint concerning Ryan, except deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

ONE HUNDRED AND FIFTY-FOURTH: Defendants deny the truth of each and every allegation contained in paragraph "154" of the Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what the police officer stated.

ONE HUNDRED AND FIFTY-FIFTH: Defendants deny the truth of each and every

23

allegation contained in paragraph "155" of the Amended Complaint.

ONE HUNDRED AND FIFTY-SIXTH: Defendants deny the truth of each and every allegation contained in paragraph "156" of the Amended Complaint.

ONE HUNDRED AND FIFTY-SEVENTH: Defendants deny the truth of each and every allegation contained in paragraph "157" of the Amended Complaint, and respectfully refer the Court to EEOC Charge No. 530-2009-02957, amended October 9, 2009 ("Amended EEOC Charge"), for a complete and accurate statement of its contents.

ONE HUNDRED AND FIFTY-EIGHTH: Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "158" of the Amended Complaint, except admit upon information and belief that Martin claimed she had been injured.

ONE HUNDRED AND FIFTY-NINTH: Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "159" of the Amended Complaint.

ONE HUNDRED AND SIXTIETH:   Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "160" of the Amended Complaint.

ONE HUNDRED AND SIXTY-FIRST: Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "161" of the Amended Complaint.

ONE HUNDRED AND SIXTY-SECOND: Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "162" of the

24

Amended Complaint.

ONE HUNDRED AND SIXTY-THIRD: Defendants deny the truth of each and every allegation contained in paragraph "163" of the Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the examination and treatment of her ankle.

ONE HUNDRED AND SIXTY-FOURTH: Defendants deny the truth of each and every allegation contained in paragraph "164" of the Amended Complaint.

ONE HUNDRED AND SIXTY-FIFTH: Defendants deny the truth of each and every allegation contained in paragraph "165" of the Amended Complaint.

ONE HUNDRED AND SIXTY-SIXTH: Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "166" of the Amended Complaint.

ONE HUNDRED AND SIXTY-SEVENTH: Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "167" of the Amended Complaint.

ONE HUNDRED AND SIXTY-EIGHTH: Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "168" of the Amended Complaint.

ONE HUNDRED AND SIXTY-NINTH: Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "169" of the Amended Complaint.

ONE HUNDRED AND SEVENTIETH: Defendants deny the truth of each and every

25

allegation contained in paragraph "170" of the Amended Complaint.

ONE HUNDRED SEVENTY-FIRST: Defendants deny the truth of each and every allegation contained in paragraph "171" of the Amended Complaint.

ONE HUNDRED AND SEVENTY-SECOND: Defendants deny the truth of each and every allegation contained in paragraph "172" of the Amended Complaint.

ONE HUNDRED AND SEVENTY-THIRD: Defendants deny the truth of each and every allegation contained in paragraph "173" of the Amended Complaint.

ONE HUNDRED AND SEVENTY-FOURTH: Defendants deny the truth of each and every allegation contained in paragraph "174" of the Amended Complaint.

ONE HUNDRED AND SEVENTY-FIFTH: Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "175" of the Amended Complaint.

ONE HUNDRED AND SEVENTY-SIXTH: Defendants deny the truth of each and every allegation contained in paragraph "176" of the Amended Complaint.

ONE HUNDRED AND SEVENTY-SEVENTH: Defendants deny the truth of each and every allegation contained in paragraph "177" of the Amended Complaint.

ONE HUNDRED AND SEVENTY-EIGHTH: Defendants deny the truth of each and every allegation contained in paragraph "178" of the Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning what TCU stated and to whom any such statement was made.

ONE HUNDRED AND SEVENTY-NINTH: Defendants deny the truth of each and every allegation contained in paragraph "179" of the Amended Complaint.

ONE HUNDRED AND EIGHTIETH: Defendants deny the truth of each and every allegation contained in paragraph "180" of the Amended Complaint, except admit that Martin could return to work.

ONE HUNDRED AND EIGHTY-FIRST: Defendants deny the truth of each and every allegation contained in paragraph "181" of the Amended Complaint.

ONE HUNDRED AND EIGHTY-SECOND: Defendants deny the truth of each and every allegation contained in paragraph "182" of the Amended Complaint, except admit that plaintiff Turner's employment by Amtrak as a Reservation Sales Agent in Amtrak's Customer Relations and Revenue Department in Philadelphia, Pennsylvania, commenced effective November 15, 2000.

ONE HUNDRED AND EIGHTY-THIRD: Defendants deny the truth of each and every allegation contained in paragraph "183" of the Amended Complaint, except admit that during the course of his employment with Amtrak, plaintiff Turner's workplace assignments have included Penn Station in New York City, New York; and, as an Amtrak Station Manager assigned to Penn Station, defendant Ryan has periodically supervised plaintiff Turner.

ONE HUNDRED AND EIGHTY-FOURTH: Defendants deny the truth of each and every allegation contained in paragraph "184" of the Amended Complaint.

ONE HUNDRED AND EIGHTY-FIFTH: Defendants deny the truth of each and every allegation contained in paragraph "185" of the Amended Complaint.

ONE HUNDRED AND EIGHTY-SIXTH: Defendants deny the truth of each and every allegation contained in paragraph "186" of the Amended Complaint.

ONE HUNDRED AND EIGHTY-SEVENTH: Defendants deny the truth of each and

27

every allegation contained in paragraph "187" of the Amended Complaint.

ONE HUNDRED AND EIGHTY-EIGHTH: Defendants deny the truth of each and every allegation contained in paragraph "188" of the Amended Complaint.

ONE HUNDRED AND EIGHTY-NINTH: Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "189" of the Amended Complaint.

ONE HUNDRED AND NINETIETH: Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "190" of the Amended Complaint.

ONE HUNDRED AND NINETY-FIRST: Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "191" of the Amended Complaint.

ONE HUNDRED AND NINETY-SECOND: deny the truth of each and every allegation contained in paragraph "192" of the Amended Complaint, except admit that plaintiff Turner used an Amtrak chair as a stool, in violation of Amtrak's Safety Rules.

ONE HUNDRED AND NINETY-THIRD: Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "193" of the Amended Complaint, except admit that plaintiff Turner commenced an unpaid FMLA medical leave of absence, effective August 6, 2008.

ONE HUNDRED AND NINETY-FOURTH: Defendants deny the truth of each and every allegation contained in paragraph "194" of the Amended Complaint, except admit that defendant Ryan detected a problem concerning one of Amtrak's security cameras located at its

Penn Station ticket facility.

ONE HUNDRED AND NINETY-FIFTH: Defendants deny the truth of each and every allegation contained in paragraph "195" of the Amended Complaint, except admit that defendant Ryan reviewed footage from Amtrak's security cameras.

ONE HUNDRED AND NINETY-SIXTH: Defendants deny the truth of each and every allegation contained in paragraph "196" of the Amended Complaint, except admit that defendant Ryan reviewed footage from Amtrak's security cameras that captured Turner engaging in certain activities.

ONE HUNDRED AND NINETY-SEVENTH: Defendants deny the truth of each and every allegation contained in paragraph "197" of the Amended Complaint, except admit that the August 29, 2008 Notice of Formal Investigation was issued by Amtrak to plaintiff Turner, and respectfully refer the Court to the August 29, 2008 Notice of Formal Investigation for a complete and accurate statement of its contents.

ONE HUNDRED AND NINETY-EIGHTH: Defendants deny the truth of each and every allegation contained in paragraph "198" of the Amended Complaint.

ONE HUNDRED AND NINETY-NINTH: Defendants deny the truth of each and every allegation contained in paragraph "199" of the Amended Complaint regarding plaintiff Turner, except deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

TWO HUNDREDTH: Defendants deny the truth of each and every allegation contained in paragraph "200" of the Amended Complaint.

TWO HUNDRED AND FIRST: Defendants deny the truth of each and every allegation

contained in paragraph "201" of the Amended Complaint, except admit that the August 29, 2008 Notice of Formal Investigation was issued by Amtrak to plaintiff Turner, and respectfully refer the Court to the August 29, 2008 Notice of Formal Investigation for a complete and accurate statement of its contents.

TWO HUNDRED AND SECOND: Defendants deny the truth of each and every allegation contained in paragraph "202" of the Amended Complaint.

TWO HUNDRED AND THIRD: Defendants deny the truth of each and every allegation contained in paragraph "203" of the Amended Complaint.

TWO HUNDRED AND FOURTH: Defendants deny the truth of each and every allegation contained in paragraph "204" of the Amended Complaint.

TWO HUNDRED AND FIFTH: Defendants deny the truth of each and every allegation contained in paragraph "205" of the Amended Complaint.

TWO HUNDRED AND SIXTH: Defendants deny the truth of each and every allegation contained in paragraph "206" of the Amended Complaint.

TWO HUNDRED AND SEVENTH: Defendants deny the truth of each and every allegation contained in paragraph "207" of the Amended Complaint.

TWO HUNDRED AND EIGHTH: Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "208" of the Amended Complaint.

TWO HUNDRED AND NINTH: Defendants deny the truth of each and every allegation contained in paragraph "209" of the Amended Complaint.

TWO HUNDRED AND TENTH: Defendants deny knowledge or information sufficient

30

to form a belief as to the truth of the allegations contained in paragraph "210" of the Amended Complaint.

TWO HUNDRED AND ELEVENTH: Defendants deny the truth of each and every allegation contained in paragraph "211" of the Amended Complaint regarding defendants, except deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

TWO HUNDRED AND TWELFTH: Defendants deny the truth of each and every allegation contained in paragraph "212" of the Amended Complaint regarding defendants, except deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations.

TWO HUNDRED AND THIRTEENTH: Defendants deny the truth of each and every allegation contained in paragraph "213" of the Amended Complaint, except admit that Hearing Officer Deborah Gaines' formal investigation related to the August 29, 2008 Notice of Formal Investigation issued by Amtrak to plaintiff Turner concluded with the Hearing Officer's decision, dated September 12, 2008 ("September 12, 2008 Decision"), and respectfully refer the Court to the September 12, 2008 Decision for a complete and accurate statement of its contents.

TWO HUNDRED AND FOURTEENTH: Defendants deny the truth of each and every allegation contained in paragraph "214" of the Amended Complaint, except admit that plaintiff Turner was assessed discipline by Amtrak subsequent to Hearing Officer Deborah Gaines' formal investigation related to the August 29, 2008 Notice of Formal Investigation and the September 12, 2008 Decision, and respectfully refer the Court to the September 12, 2008 Decision for a complete and accurate statement of its contents.

31

TWO HUNDRED AND FIFTEENTH:  Defendants deny the truth of each and every allegation contained in paragraph "215" of the Amended Complaint, except admit that plaintiff Turner was assessed discipline by Amtrak subsequent to Hearing Officer Deborah Gaines' formal investigation related to the August 29, 2008 Notice of Formal Investigation and the September 12, 2008 Decision, and respectfully refer the Court to the September 12, 2008 Decision for a complete and accurate statement of its contents.

TWO HUNDRED AND SIXTEENTH:  Defendants deny the truth of each and every allegation contained in paragraph "216" of the Amended Complaint.

TWO HUNDRED AND SEVENTEENTH:  Defendants deny the truth of each and every allegation contained in paragraph "217" of the Amended Complaint, except admit that TCU appealed Amtrak's decision to discipline plaintiff Turner, the appeal was denied and the matter has been referred to the Special Board of Adjustment.

TWO HUNDRED AND EIGHTEENTH:  Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "218" of the Amended Complaint, except admit that in January 2009, plaintiff Turner was observed opening and using a personal laptop computer while on duty as a Ticket Clerk at an Amtrak ticket window at Penn Station.

TWO HUNDRED AND NINETEENTH:  Defendants deny the truth of each and every allegation contained in paragraph "219" of the Amended Complaint.

TWO HUNDRED AND TWENTIETH:  Defendants deny the truth of each and every allegation contained in paragraph "220" of the Amended Complaint, and respectfully refer the Court to the cited "company policy" for a complete and accurate statement of its contents.

TWO HUNDRED AND TWENTY-FIRST: Defendants deny the truth of each and every allegation contained in paragraph "221" of the Amended Complaint, except admit that a January 9, 2009 Notice of Formal Investigation was issued by Amtrak to plaintiff Turner and respectfully refer the Court to the January 9, 2009 Notice of Formal Investigation for a complete and accurate statement of its contents.

TWO HUNDRED AND TWENTY-SECOND: Defendants deny the truth of each and every allegation contained in paragraph "222" of the Amended Complaint.

TWO HUNDRED AND TWENTY-THIRD: Defendants deny the truth of each and every allegation contained in paragraph "223" of the Amended Complaint.

TWO HUNDRED AND TWENTY-FOURTH: Defendants deny the truth of each and every allegation contained in paragraph "224" of the Amended Complaint, except admit that a formal investigation related to the January 9, 2009 Notice of Formal Investigation issued by Amtrak to plaintiff Turner was conducted.

TWO HUNDRED AND TWENTY-FIFTH: Defendants deny the truth of each and every allegation contained in paragraph "225" of the Amended Complaint.

TWO HUNDRED AND TWENTY-SIXTH: Defendants deny the truth of each and every allegation contained in paragraph "226" of the Amended Complaint, except admit that the Hearing Officer's formal investigation related to the January 9, 2009 Notice of Formal Investigation issued by Amtrak to plaintiff Turner was concluded with the Hearing Officer's decision, dated January 20, 2009 ("January 20, 2009 Decision"), and respectfully refer the Court to the January 20, 2009 Decision for a complete and accurate statement of its contents.

TWO HUNDRED AND TWENTY-SEVENTH: Defendants deny the truth of each and

every allegation contained in paragraph "227" of the Amended Complaint, except admit that plaintiff Turner was assessed discipline by Amtrak subsequent to the Hearing Officer's formal investigation related to the January 9, 2009 Notice of Formal Investigation and the January 20, 2009 Decision, and respectfully refer the Court to the January 20, 2009 Decision for a complete and accurate statement of its contents.

TWO HUNDRED AND TWENTY-EIGHTH:  Defendants deny the truth of each and every allegation contained in paragraph "228" of the Amended Complaint, except admit that plaintiff Turner was assessed discipline by Amtrak subsequent to the Hearing Officer's formal investigation related to the January 9, 2009 Notice of Formal Investigation and the January 20, 2009 Decision, and respectfully refer the Court to the January 20, 2009 Decision for a complete and accurate statement of its contents.

TWO HUNDRED AND TWENTY-NINTH:  Defendants deny the truth of each and every allegation contained in paragraph "229" of the Amended Complaint.

TWO HUNDRED AND THIRTIETH:  Defendants deny the truth of each and every allegation contained in paragraph "230" of the Amended Complaint, except admit that TCU appealed Amtrak's decision to discipline plaintiff Turner, the appeal was denied and the matter has been referred to the Special Board of Adjustment.

TWO HUNDRED AND THIRTY-FIRST:  Defendants deny the truth of each and every allegation contained in paragraph "231" of the Amended Complaint, except admit that plaintiff Fletcher's employment by Amtrak as an Extra Board Ticket Clerk commenced effective July 9, 2004.

TWO HUNDRED AND THIRTY-SECOND:  Defendants deny the truth of each and

34

every allegation contained in paragraph "232" of the Amended Complaint.

TWO HUNDRED AND THIRTY-THIRD:  Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "233" of the Amended Complaint, except admit that on or around March 7, 2009, plaintiff Fletcher was assigned to work at an Amtrak ticket window at Penn Station.

TWO HUNDRED AND THIRTY-FOURTH:  Defendants deny the truth of each and every allegation contained in paragraph "234" of the Amended Complaint.

TWO HUNDRED AND THIRTY-FIFTH:  Defendants deny the truth of each and every allegation contained in paragraph "235" of the Amended Complaint.

TWO HUNDRED AND THIRTY-SIXTH:  Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "236" of the Amended Complaint

TWO HUNDRED AND THIRTY-SEVENTH:     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "237" of the Amended Complaint, except admit that Amtrak, including Amtrak Lead Ticket Clerk Daniel L. Fleming on behalf of Amtrak, received a complaint by Amtrak customer Alan Blum.

TWO HUNDRED AND THIRTY-EIGHTH:  Defendants deny the truth of each and every allegation contained in paragraph "238" of the Amended Complaint, except admit that a March 24, 2009 Notice of Formal Investigation was issued by Amtrak to plaintiff Fletcher and respectfully refer the Court to the March 24, 2009 Notice of Formal Investigation for a complete and accurate statement of its contents.

35

TWO HUNDRED AND THIRTY-NINTH:  Defendants deny the truth of each and every allegation contained in paragraph "239" of the Amended Complaint, except admit that plaintiff Fletcher was assessed discipline by Amtrak subsequent to the Hearing Officer's formal investigation related to the March 24, 2009 Notice of Formal Investigation and the April 3, 2009 Decision, and respectfully refer the Court to the April 3, 2009 Decision for a complete and accurate statement of its contents.

TWO HUNDRED AND FORTIETH:  Defendants deny the truth of each and every allegation contained in paragraph "240" of the Amended Complaint, except admit that plaintiff Fletcher was assessed discipline by Amtrak and served a three day unpaid suspension subsequent to the Hearing Officer's formal investigation related to the March 24, 2009 Notice of Formal Investigation and the April 3, 2009 Decision, and respectfully refer the Court to the April 3, 2009 Decision for a complete and accurate statement of its contents.

TWO HUNDRED AND FORTY-FIRST:  Defendants deny the truth of each and every allegation contained in paragraph "241" of the Amended Complaint, except admit that TCU appealed Amtrak's decision to discipline plaintiff Fletcher and the appeal is currently pending.

TWO HUNDRED AND FORTY-SECOND:  Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "242" of the Amended Complaint.

TWO HUNDRED AND FORTY-THIRD:  Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "243" of the Amended Complaint

TWO HUNDRED AND FORTY-FOURTH:  Defendants deny knowledge or information

36

sufficient to form a belief as to the truth of the allegations contained in paragraph "244" of the Amended Complaint

TWO HUNDRED AND FORTY-FIFTH:  Defendants deny the truth of each and every allegation contained in paragraph "245" of the Amended Complaint.

TWO HUNDRED AND FORTY-SIXTH:  Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "246" of the Amended Complaint.

TWO HUNDRED AND FORTY-SEVENTH:  Defendants deny the truth of each and every allegation contained in paragraph "247" of the Amended Complaint.

TWO HUNDRED AND FORTY-EIGHTH:  Defendants deny the truth of each and every allegation contained in paragraph "248" of the Amended Complaint.

TWO HUNDRED AND FORTY-NINTH:  Defendants deny the truth of each and every allegation contained in paragraph "249" of the Amended Complaint, except admit that defendant Gallagher is Superintendent of Passenger Services.

TWO HUNDRED AND FIFTIETH:  Defendants deny the truth of each and every allegation contained in paragraph "250" of the Amended Complaint.

TWO HUNDRED AND FIFTY-FIRST:  Defendants deny the truth of each and every allegation contained in paragraph "251" of the Amended Complaint.

TWO HUNDRED AND FIFTY-SECOND:  Defendants deny the truth of each and every allegation contained in paragraph "252" of the Amended Complaint.

TWO HUNDRED AND FIFTY-THIRD:  Defendants deny the truth of each and every allegation contained in paragraph "253" of the Amended Complaint.

37

TWO HUNDRED AND FIFTY-FOURTH:  Defendants deny the truth of each and every allegation contained in paragraph "254" of the Amended Complaint.

TWO HUNDRED AND FIFTY-FIFTH:  Defendants deny the truth of each and every allegation contained in paragraph "255" of the Amended Complaint.

TWO HUNDRED AND FIFTY-SIXTH:  Defendants deny the truth of each and every allegation contained in paragraph "256" of the Amended Complaint.

TWO HUNDRED AND FIFTY-SEVENTH:  Defendants deny the truth of each and every allegation contained in paragraph "257" of the Amended Complaint.

TWO HUNDRED AND FIFTY-EIGHTH:  Defendants deny the truth of each and every allegation contained in paragraph "258" of the Amended Complaint.

TWO HUNDRED AND FIFTY-NINTH:  Defendants deny the truth of each and every allegation contained in paragraph "259" of the Amended Complaint.

TWO HUNDRED AND SIXTIETH:  Defendants deny the truth of each and every allegation contained in paragraph "260" of the Amended Complaint.

TWO HUNDRED AND SIXTY-FIRST:  Defendants deny the truth of each and every allegation contained in paragraph "261" of the Amended Complaint.

TWO HUNDRED AND SIXTY-SECOND:  Defendants deny the truth of each and every allegation contained in paragraph "262" of the Amended Complaint.

TWO HUNDRED AND SIXTY-THIRD:  Defendants deny the truth of each and every allegation contained in paragraph "263" of the Amended Complaint.

TWO HUNDRED AND SIXTY-FOURTH:  Defendants deny the truth of each and every allegation contained in paragraph "264" of the Amended Complaint.

38

TWO HUNDRED AND SIXTY-FIFTH:  Defendants deny the truth of each and every allegation contained in paragraph "265" of the Amended Complaint.

TWO HUNDRED AND SIXTY-SIXTH:  Defendants deny the truth of each and every allegation contained in paragraph "266" of the Amended Complaint.

TWO HUNDRED AND SIXTY-SEVENTH:  Defendants deny the truth of each and every allegation contained in paragraph "267" of the Amended Complaint.

TWO HUNDRED AND SIXTY-EIGHTH:  Defendants deny the truth of each and every allegation contained in paragraph "268" of the Amended Complaint.

TWO HUNDRED AND SIXTY-NINTH:  Defendants deny the truth of each and every allegation contained in paragraph "269" of the Amended Complaint.

TWO HUNDRED AND SEVENTIETH:  Defendants deny the truth of each and every allegation contained in paragraph "270" of the Amended Complaint.

TWO HUNDRED AND SEVENTY-FIRST:  Defendants deny the truth of each and every allegation contained in paragraph "271" of the Amended Complaint.

TWO HUNDRED AND SEVENTY-SECOND:  Defendants deny the truth of each and every allegation contained in paragraph "272" of the Amended Complaint.

TWO HUNDRED AND SEVENTY-THIRD:  Defendants deny the truth of each and every allegation contained in paragraph "273" of the Amended Complaint.

TWO HUNDRED AND SEVENTY-FOURTH:  Defendants deny the truth of each and every allegation contained in paragraph "274" of the Amended Complaint.

## WITH RESPECT TO COUNT I

TWO HUNDRED AND SEVENTY-FIFTH:  With respect to the allegations contained in

39

paragraph "275" of the Amended Complaint, defendants repeat, reiterate and reallege each and every response contained in paragraphs "FIRST" through "TWO HUNDRED AND SEVENTY-FOURTH" of this Answer with the same force and effect as if fully set forth at length herein.

TWO HUNDRED AND SEVENTY-SIXTH:  Defendants deny the truth of each and every allegation contained in paragraph "276" of the Amended Complaint.

TWO HUNDRED AND SEVENTY-SEVENTH:  Defendants deny the truth of each and every allegation contained in paragraph "277" of the Amended Complaint.

## WITH RESPECT TO COUNT II

TWO HUNDRED AND SEVENTY-EIGHTH:  With respect to the allegations contained in paragraph "278" of the Amended Complaint, defendants repeat, reiterate and reallege each and every response contained in paragraphs "FIRST" through "TWO HUNDRED AND SEVENTY-SEVENTH" of this Answer with the same force and effect as if fully set forth at length herein.

TWO HUNDRED AND SEVENTY-NINTH:  Defendants deny the truth of each and every allegation contained in paragraph "279" of the Amended Complaint.

TWO HUNDRED AND EIGHTIETH:  Defendants deny the truth of each and every allegation contained in paragraph "280" of the Amended Complaint.

## WITH RESPECT TO COUNT III

TWO HUNDRED AND EIGHTY-FIRST:  With respect to the allegations contained in paragraph "281" of the Amended Complaint, defendants repeat, reiterate and reallege each and every response contained in paragraphs "FIRST" through "TWO HUNDRED AND

40

EIGHTIETH" of this Answer with the same force and effect as if fully set forth at length herein.

TWO HUNDRED AND EIGHTY-SECOND: Defendants deny the truth of each and every allegation contained in paragraph "282" of the Amended Complaint.

TWO HUNDRED AND EIGHTY-THIRD: Defendants deny the truth of each and every allegation contained in paragraph "283" of the Amended Complaint.

## WITH RESPECT TO COUNT IV

TWO HUNDRED AND EIGHTY-FOURTH: With respect to the allegations contained in paragraph "284" of the Amended Complaint, defendants repeat, reiterate and reallege each and every response contained in paragraphs "FIRST" through "TWO HUNDRED AND EIGHTY-THIRD" of this Answer with the same force and effect as if fully set forth at length herein.

TWO HUNDRED AND EIGHTY-FIFTH: Defendants deny the truth of each and every allegation contained in paragraph "285" of the Amended Complaint.

TWO HUNDRED AND EIGHTY-SIXTH: Defendants deny the truth of each and every allegation contained in paragraph "286" of the Amended Complaint.

## WITH RESPECT TO COUNT V

TWO HUNDRED AND EIGHTY-SEVENTH: With respect to the allegations contained in paragraph "287" of the Amended Complaint, defendants repeat, reiterate and reallege each and every response contained in paragraphs "FIRST" through "TWO HUNDRED AND EIGHTY-SIXTH" of this Answer with the same force and effect as if fully set forth at length herein.

TWO HUNDRED AND EIGHTY-EIGHTH: Defendants deny the truth of each and

41

every allegation contained in paragraph "288" of the Amended Complaint.

TWO HUNDRED AND EIGHTY-NINTH:  Defendants deny the truth of each and every allegation contained in paragraph "289" of the Amended Complaint.

## WITH RESPECT TO COUNT VI

TWO HUNDRED AND NINETIETH:  With respect to the allegations contained in paragraph "290" of the Amended Complaint, defendants repeat, reiterate and reallege each and every response contained in paragraphs "FIRST" through "TWO HUNDRED AND EIGHTY-NINTH" of this Answer with the same force and effect as if fully set forth at length herein.

TWO HUNDRED AND NINETY-FIRST:  Defendants deny the truth of each and every allegation contained in paragraph "291" of the Amended Complaint.

TWO HUNDRED AND NINETY-SECOND:  Defendants deny the truth of each and every allegation contained in paragraph "292" of the Amended Complaint.

## WITH RESPECT TO COUNT VII

TWO HUNDRED AND NINETY-THIRD:  With respect to the allegations contained in paragraph "293" of the Amended Complaint, defendants repeat, reiterate and reallege each and every response contained in paragraphs "FIRST" through "TWO HUNDRED AND NINETY-SECOND" of this Answer with the same force and effect as if fully set forth at length herein.

TWO HUNDRED AND NINETY-FOURTH:  Defendants deny the truth of each and every allegation contained in paragraph "294" of the Amended Complaint.

TWO HUNDRED AND NINETY-FIFTH:  Defendants deny the truth of each and every allegation contained in paragraph "295" of the Amended Complaint.

510901.1 DocsNY

## FIRST AFFIRMATIVE DEFENSE

TWO HUNDRED AND NINETY-SIXTH: The Amended Complaint fails to state a cause of action upon which relief may be granted and should be dismissed.

## SECOND AFFIRMATIVE DEFENSE

TWO HUNDRED AND NINETY-SEVENTH: The instant action has no arguable basis in law or fact, is frivolous and vexatious, and should be dismissed and defendants should be awarded attorney's fees, costs, and interest for the defense of this frivolous action.

## THIRD AFFIRMATIVE DEFENSE

TWO HUNDRED AND NINETY-EIGHTH: Defendants did not discriminate or retaliate against plaintiffs. Defendants' conduct with respect to plaintiffs conformed to the requirements of all applicable federal, state, and local laws, including, but not limited to, Title VII of the Civil Rights Act of 1964, as amended, and the Human Rights Law of the Executive Law of the State of New York.

## FOURTH AFFIRMATIVE DEFENSE

TWO HUNDRED AND NINETY-NINTH: Plaintiffs did not sustain any damages.

## FIFTH AFFIRMATIVE DEFENSE

THREE HUNDREDTH: Plaintiffs failed to mitigate or otherwise act to lessen or reduce their damages.

## SIXTH AFFIRMATIVE DEFENSE

THREE HUNDRED AND FIRST: Plaintiffs have failed to comply with the procedural and/or administrative conditions precedent to filing a civil action as imposed by Title VII of the Civil Rights Act of 1964 as amended and the Human Rights Law of the State of New York.

43

## SEVENTH AFFIRMATIVE DEFENSE

THREE HUNDRED AND SECOND:  Plaintiffs' contentions are barred in whole or in part by the applicable statute of limitations, laches or other time limitations.

## EIGHTH AFFIRMATIVE DEFENSE

THREE HUNDRED AND THIRD:  Any damages suffered by plaintiffs were caused solely by plaintiffs' own culpable conduct and not by any culpable conduct of defendants.

## NINTH AFFIRMATIVE DEFENSE

THREE HUNDRED AND FOURTH:  All policies and conduct of defendants conformed to the requirements of all applicable laws, including but not limited to, Title VII of the Civil Rights Act of 1964, as amended, and the Human Rights Law of the State of New York and were administered in a manner that is consistent with defendants' legal obligations.

## TENTH AFFIRMATIVE DEFENSE

THREE HUNDRED AND FIFTH:  There is no basis in law or fact for awarding punitive damages in this action.

## ELEVENTH AFFIRMATIVE DEFENSE

THREE HUNDRED AND SIXTH:  Plaintiffs' claims must be dismissed, in whole or in part, for lack of subject matter jurisdiction.

## TWELFTH AFFIRMATIVE DEFENSE

THREE HUNDRED AND SEVENTH:  Even if any unlawful conduct occurred with regard to plaintiffs, which defendants deny, that conduct was not the result of purposeful, knowing, oppressive, or malicious conduct by defendants.

## THIRTEENTH AFFIRMATIVE DEFENSE

THREE HUNDRED AND EIGHTH:  Plaintiffs' actions against defendants are barred because there was no practice or procedure by defendants that caused any of plaintiffs' alleged damages.  Plaintiffs' actions are barred because defendants complied with established policies and procedures for the prevention, investigation, and detection of unlawful discriminatory or retaliatory practices and defendants do not condone acts of discriminatory or retaliatory conduct.

## FOURTEENTH AFFIRMATIVE DEFENSE

THREE HUNDRED AND NINTH:  Any decisions made with regards to plaintiffs were reasonable, business decisions and the decisions were not based upon any discriminatory reason.

## FIFTEENTH AFFIRMATIVE DEFENSE

THREE HUNDRED AND TENTH:  If plaintiffs are entitled to any relief, such relief is limited by such relief under the relevant statutes.

## SIXTEENTH AFFIRMATIVE DEFENSE

THREE HUNDRED AND ELEVENTH:  Some or all of plaintiffs' claims are barred by the doctrine of unclean hands.

## SEVENTEENTH AFFIRMATIVE DEFENSE

THREE HUNDRED AND TWELFTH:  Any losses allegedly suffered by plaintiffs were caused exclusively by the culpable conduct of plaintiffs and/or the culpable conduct of other persons or entities over whom defendants had and have no control.

## EIGHTEENTH AFFIRMATIVE DEFENSE

THREE HUNDRED AND THIRTEENTH:  Defendants reserve all rights to add additional defenses which may be ascertained in the course of discovery in this action.

45

additional defenses which may be ascertained in the course of discovery in this action.

## NINETEENTH AFFIRMATIVE DEFENSE

THREE HUNDRED AND FOURTEENTH:   The Amended Complaint is barred, in whole or in part, by the failure to perform all conditions precedent to suit or to exhaust all administrative remedies or both.

## TWENTIETH AFFIRMATIVE DEFENSE

THREE HUNDRED AND FIFTEENTH:   Defendants exercised reasonable care to prevent and promptly eliminate any discriminatory behavior.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

THREE HUNDRED AND SIXTEENTH:   To the extent plaintiffs assert that defendant Amtrak was plaintiffs' employer, plaintiffs unreasonably failed to take advantage of preventative or corrective opportunities provided by Amtrak to its employees or to otherwise avoid harm.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

THREE HUNDRED AND SEVENTEENTH:   Amtrak is not liable under cases such as Faragher v. Boca Raton, 524 U.S. 775 (1998), and Burlington Industries v. Ellerth, 524 U.S. 742 (1998).

## TWENTY-THIRD AFFIRMATIVE DEFENSE

THREE HUNDRED AND EIGHTEENTH:   Some or all of plaintiffs' claims are preempted by the Railway Labor Act, 45 U.S.C. § 151 et seq .

46

510901.1 DocsNY

**WHEREFORE**, defendants demand judgment dismissing the Amended Complaint herein, together with their costs and disbursements, and such other and further relief as this Court deems appropriate.

Dated: New York, New York
        December 24, 2010

Respectfully submitted,

LANDMAN CORSI BALLAINE & FORD P.C.

By: _____
Rebecca W. Embry
Robert J. Anderson
Attorneys for Defendants
120 Broadway, 27th Floor
New York, New York 10271-0079
(212) 238-4800
rembry@lcbf.com
randerson@lcbf.com

TO:     Lee F. Bantle, Esq.
        BANTLE & LEVY LLP
        Attorneys for Plaintiffs
        817 Broadway
        New York, New York 10003
        (212) 228-9666
        bantle@civilrightsfirm.com

47

510901.1 DocsNY

Index No.   10-Civ.-4199(CM)(DF)/Year
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SAKETHA MARTIN,

Plaintiff,

-against-

NATIONAL RAILROAD PASSENGER
CORPORATION, d/b/a AMTRAK, CATHY RYAN,
and MICHAEL GALLAGHER,

Defendants.

## ANSWER TO AMENDED COMPLAINT

Signature (Rule 130-1.1-a)

Print name beneath

LANDMAN CORSI BALLAINE & FORD P.C.

Attorneys for   Defendants

*Office and Post Office Address, Telephone*
120 Broadway
NEW YORK, N.Y. 10271-0079
(212) 238-4800
FAX: (212) 238-4848

To

Attorney(s) for

Service of a copy of the within is hereby admitted.
Dated

Attorney(s) for

---

NOTICE OF ENTRY

PLEASE take notice that the within is a (*certified*)
true copy of a
duly entered in the office of the clerk of the within
named court on

Dated,

Yours, etc.

LANDMAN CORSI BALLAINE & FORD P.C.

Attorneys for

*Office and Post Office Address*
120 Broadway
NEW YORK, N.Y. 10271-0079

To

Attorney(s) for

NOTICE OF SETTLEMENT

PLEASE take notice that an order
of which the within is a true copy will be presented
for settlement to the Hon.
one of the judges of the within named Court, at
on
at
Dated,   M.

Yours, etc.

LANDMAN CORSI BALLAINE & FORD P.C.

Attorneys for

*Office and Post Office Address*
120 Broadway
NEW YORK, N.Y. 10271-0079

To

Attorney(s) for